IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.

Criminal No. **3:11CR242**

**JEROME DODSON, III,**

Petitioner.

## MEMORANDUM OPINION

Jerome Dodson, III, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 34). In his § 2255 Motion and accompanying Memorandum, Dodson raises the following grounds for relief:

Claim One:   Counsel failed to file an appeal of his sentence thereby depriving Dodson "of his right to appeal his prior offense." (§ 2255 Mot. 4.)[1]

Claim Two:   Dodson's guilty plea was involuntary and he failed to understand the consequences of his plea. (Mem. Supp. § 2255 Mot. 3, ECF No. 32.)

By Memorandum Order entered on August 12, 2015, the Court ordered that the record be expanded. Both parties have responded to that Memorandum Order. For the reasons stated below, the Court will DENY Dodson's § 2255 Motion.

## I.   PROCEDURAL HISTORY

In September 2011, a grand jury charged Dodson with possession of a firearm by a convicted felon (Count One) and possession of an unregistered firearm/sawed-off shotgun (Count Two). (Indictment 1–2, ECF No. 1.) Due to his extensive criminal history, Dodson would have qualified as an armed career criminal under Count One, subjecting him to a mandatory minimum of fifteen years up to life in prison. (*See* Gov't's Resp. 2, ECF No. 41;

---

[1] The Court corrects the capitalization in the quotations from Dodson's submissions. The Court employs the pagination assigned by the CM/ECF docketing system to citations to Dodson's submissions.

Dec. 14, 2011 Tr. 3; 18 U.S.C. § 924(e)(1).) On December 14, 2011, Dodson pled guilty pursuant to a written plea agreement to Count Two of the Indictment. (Plea Agreement ¶ 1, ECF No. 18.) The Plea Agreement explained that Count Two carried a maximum penalty of ten years of incarceration. (*Id.*) The Plea Agreement also contained a provision wherein "the parties agree[d] that a sentence of one hundred (120 months) incarceration [was] the appropriate disposition of this case." (*Id.* ¶ 4 (emphasis omitted).) Dodson agreed that he understood "that the above sentencing recommendation [was] binding if the Court accept[ed] the plea agreement." (*Id.*) Dodson also agreed that by entering into the guilty plea, he waived his right to appeal any sentence within the statutory maximum. (*Id.* ¶ 5.)

During the Rule 11 hearing, the parties informed the Court that they had "agreed that the appropriate disposition of this case [was] a sentence of ten years." (Dec. 14, 2011 Tr. 3, ECF No. 41–1.) The Court asked the parties: "That avoids the greater penalty on count one[?]" (Dec. 14, 2011 Tr. 3.) The Government responded: "That's correct. On count one Mr. Dodson was facing a 15-year mandatory minimum under [18 U.S.C.] section 924 as a career criminal." (Dec. 14, 2011 Tr. 3.) The Government agreed that it would dismiss Count One at sentencing, in exchange for Dodson's guilty plea to Count Two. (Dec. 14, 2011 Tr. 4.) Dodson agreed that he was "fully satisfied with the services and advice" from defense counsel, Valencia Roberts. (Dec. 14, 2011 Tr. 10.) Dodson affirmed that he understood the terms of his guilty plea, and that counsel had "explain[ed] everything about it that [he] needed to know." (Dec. 14, 2011 Tr. 11.) Dodson agreed that he was pleading guilty because he was in fact guilty of possessing a sawed-off shotgun (Dec. 14, 2011 Tr. 12), that he was pleading guilty of his own free will, and because it was in his own best interest. (Dec. 14, 2011 Tr. 14.) Dodson agreed that "the plea agreement reflect[ed] the whole, entire agreement" and that his decision to plead guilty was not the result of

any promises or threats made outside of the plea agreement.  (Dec. 14, 2011 Tr. 13–14.)  Dodson

also affirmed that he understood that by pleading guilty, he waived his "right to appeal any

sentence that [the Court] may impose . . . ."  (Dec. 14, 2011 Tr. 18–19.)  The Court found

Dodson entered an informed, knowing, and voluntary plea, and that he was aware of the charges

and the consequences of the plea.  (Dec. 14, 2011 Tr. 24.)

On April 11, 2012, the Court entered judgment against Dodson and sentenced him to 120

months of incarceration.  (J. 2, ECF No. 27.)  On February 4, 2013, the Court received Dodson's

§ 2255 Motion.[2]

## II.   CLAIM TWO IS BARRED FROM REVIEW

In Claim Two, Dodson suggests that his guilty plea was involuntary and he failed to

understand the consequences of his guilty plea.  The procedural default rule bars Claim Two

from review here, absent a showing of cause and prejudice or actual innocence, because Dodson

could have raised, but did not raise, this claim on direct appeal.  *See Bousley v. United States*,

523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *see also*

*United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (citation omitted) (internal quotation

marks omitted) (explaining that a petitioner who waives the right to appeal "is not precluded

from filing a petition for collateral review.  But he is precluded from raising claims that are the

sort that *could have* been raised on appeal").  The Court construes Dodson to argue that

counsel's failure to file an appeal serves as the cause for his default.  As discussed below, this

contention lacks merit because Dodson fails to demonstrate that he directed counsel to file an

appeal or that counsel performed deficiently by not filing an appeal.

---

[2] Dodson failed to sign or date any portion of his § 2255 Motion, or the accompanying Memorandum of Law and Affidavit.  On June 4, 2014, Dodson submitted a signed version of the § 2255 Motion form only.  (*See* ECF No. 34.)

### III.   ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made

4

during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).   Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.   No circumstances exist here that would lead the Court to consider Dodson's prior sworn statements as other than truthful.[3]

At the outset, the Court notes that Dodson's arguments are difficult to understand. Compounding that issue, Dodson's arguments rest on his factually inaccurate recollection of the criminal proceedings and the terms of the Plea Agreement.   Dodson begins with the factually incorrect statement that his Plea Agreement contained a stipulated-to sentence not to exceed eight years. (Mem. Supp. § 2255 Mot. 3.)   He also inexplicably argues that his 120-month sentence was due to a finding that he was a career offender instead of the exact sentence he bargained for in the Plea Agreement.   (Mem. Supp. § 2255 Mot. 11; ECF No. 34–1, at 1.)[4]

---

[3] Intertwined in his arguments about counsel's failure to note an appeal, Dodson makes vague suggestions that he was denied effective assistance during the plea proceedings, making his guilty plea involuntary. (*See, e.g.*, Mem. Supp. § 2255 Mot. 1, 10.) To the extent that such a claim is properly before the Court, Dodson's assertion is belied by the record. Even if counsel somehow rendered ineffective assistance, which Dodson agreed under oath that she had not, the Rule 11 hearing cured any such deficiency. Dodson's statements during the Rule 11 colloquy render the suggestion that his plea was involuntary palpably incredible. *See Lemaster*, 403 F.3d at 221 (citation omitted).

[4] Dodson states that a 1979 conviction for "armed robbery and unlawful use of [a] firearm" and 1981 convictions for "attempted murder and robbery [and] malicious injury . . . were used to career him under section 4B1.1" of the Sentencing Guidelines. (Mem. Supp. § 2255 Mot. 11.) To the contrary, Dodson's sentence was based upon the stipulated 120-month sentence, not a finding that he was a career offender under the guidelines. The Presentence Report even spells out that "defendant does not qualify for a sentence enhancement under the Career Offender" portion of the guidelines. (Presentence Report ¶ 74, ECF No. 21.)

Dodson also suggests that he should have received a five-year sentence instead of a ten-year sentence and counsel promised to appeal any sentence over five years. (*See* Mem. Supp. § 2255 Mot. 17.) With these inaccuracies in mind, the Court turns to Claim One, wherein he suggests that counsel acted deficiently by failing to file a direct appeal despite receiving the exact sentence he bargained for, and despite his waiver of the right to appeal.

In support of Claim One, Dodson provides a document labeled as an affidavit, which is not signed, and vaguely claims that "defense counsel had promise[d] that he would file a notice of appeal because Dodson have instructed [] him to do so." (*Id.*) Dodson's failure to sign the affidavit and the reference to counsel as a "he" when Dodson was represented by Valencia Roberts, casts doubt not only on the fact that Dodson drafted the affidavit, but on the veracity of its contents. In these initially-filed submissions, Dodson provides little more than the legal standard for an ineffective assistance claim and his confused arguments about the derivation of his 120-month sentence.

In the August 12, 2015 Memorandum Order, the Court directed Dodson to file the following:

1.  Copies of any records or correspondence which supports his assertion that he conveyed to counsel his desire to file an appeal.

2.  A statement reciting any communications Dodson had with counsel concerning Dodson's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Dodson said to his attorney and the exact responses from his attorney. The statement must recite the date and locations of any conversations that took place. Additionally, Dodson must identify what efforts he

---

Buried in his Memorandum, Dodson vaguely claims that "counsel failed in his duty to the Defendant to argue his prior offense by preserving this issue for appeal by negotiating it into the plea-bargain." (Mem. Supp. § 2255 Mot. 11.) The Court assumes that Dodson argues that counsel should have pushed for a conditional plea that would have allowed him to preserve his right to appeal his sentence that he believes was based on the career offender guidelines. Dodson's sentence was not based on a finding that he was a career offender. Thus, the Court discerns no deficiency of counsel for failing to preserve the right to appeal a meritless and inapplicable issue, nor any resulting prejudice.

made to ascertain whether his attorney had filed an appeal. Dodson must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form and/or sworn under penalty of perjury.

The Court warned Dodson that failure to comply with the above directives would result in dismissal of the action. (ECF No. 42 (citing Fed. R. Civ. P. 41(b)).

In response to the Court's August 12, 2015 Memorandum Order, Dodson filed a second affidavit. ("Second Affidavit," ECF No. 43.) Notably, this affidavit is written in different handwriting than the first, and is apparently signed by Dodson but is not sworn to under penalty of perjury.[5] In the Second Affidavit, Dodson states the following, in sum:

Attorney Valencia Roberts deprived Defendant of his direct appeal. Petitioner Dodson requests this Honorable Court to except this affidavit as being true under the penalty of perjury. Defense counsel stated before sentencing that the Defendant has a strong case for direct appeal. Counsel, however, failed in her duty to the defendant to preserve this issue for direct appeal by arguing that the firearm that was in an abandon house that the defendant possessed a firearm, Defendant certainly wasn't getting any bargain with a 10 year sentence, for longer than counsel had promised defendant a 5 year sentence. Further counsel failed to request at sentencing to file a direct appeal. To compound the deprivation of a beneficial plea agreement, counsel failed further to pursue the direct appeal.

(Second Aff. 1.)[6] Dodson's terse, conclusory submission fails to comply with the Court's directives in the August 12, 2015 Memorandum Order. Dodson submitted no records or evidence supporting his assertion and his Second Affidavit lacks any detail about what Dodson told counsel, exact responses of counsel, the date or time of any communication, and any efforts

---

[5] Dodson states in the body of his Second Affidavit that it is "true under the pentally [sic] of perjury," and the concludes: "This Affidavit is based on the very belief and knowledge. This is a true and correct affidavit." (Second Aff. 1–2.) Such a statement fails to transform the allegations in the Second Affidavit into admissible evidence. *Cf. Hogge v. Stephens*, No. 3:09CV582, 2011 WL 2161100, at *2–3 & n.5 (E.D. Va. June 1, 2011) (treating statements sworn to under penalty of perjury, but made upon information and belief as "'mere pleading allegations'" (quoting *Walker v. Tyler Cty. Comm'n*, 11 F. App'x 270, 274 (4th Cir. 2001))). Nevertheless, the Court considers the allegations in the Second Affidavit in its analysis of the claim.

[6] The Court corrects the spelling in the quotations from Dodson's Second Affidavit.

Dodson took to ascertain whether counsel had filed an appeal. Dodson also fails to identify coherently what claims he believes counsel should have raised on appeal.[7] Dodson fails to demonstrate any deficiency of counsel based on his vague conclusory allegation that counsel should have filed an appeal of his sentence. *Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of habeas relief appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). For this reason alone, Claim One fails.

Even if Dodson had stated more than conclusory allegations in support of his claim, Claim One, nonetheless, lacks merit. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). This determination must take into account "all the information counsel knew or should have known." *Id.* (citation omitted).

If the attorney received no express instruction to file a notice of appeal, and no consultation has occurred, a court must determine "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* at 478. The prejudice prong requires "that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal. If the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Id.* at 484 (citations omitted).

---

[7] The Court assumes Dodson wanted to challenge his sentence on appeal because he believed he would receive a sentence of less than ten years and because he mistakenly believes he was sentenced as a career offender.

8

Dodson never states that he told counsel to appeal or gave counsel any indication that he wanted to appeal.[8] Moreover, counsel Valencia Roberts's daily planner and timesheet from the relevant time period indicate that she met with Dodson on April 18, 2012, at the Northern Neck Regional Jail, that she provided him with the Judgment and the Statement of Reasons, answered his questions, and noted that "[c]lient does not wish to appeal." (ECF No. 49–3, at 1.) Thus, the record demonstrates that counsel actually consulted with Dodson about an appeal and Dodson indicated that he did not desire to file an appeal. "[A]n attorney is under no obligation to file a notice of appeal where the defendant explicitly instructs his attorney not to file one." *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007) (citing *Flores-Ortega*, 528 U.S. at 477). Once again, Dodson's claim fails on this basis alone.

Even if counsel had not consulted with Dodson, she would have performed reasonably. In this situation, where Dodson expressed no interest in appealing, the relevant inquiry is, "whether the circumstances would reasonably have led counsel to conclude that 'a rational defendant would want to appeal,' thus prompting counsel's duty to consult." *United States v. Cooper*, 617 F.3d 307, 313 (4th Cir. 2010) (citing *Flores-Ortega*, 528 U.S. at 480)).

---

[8] At most, in his unsigned affidavit, Dodson says that "defense counsel had promise that he would file notice of appeal because Dodson have instructed him to do so." (ECF No. 32, at 17.) Dodson fails to provide any facts demonstrating that after his sentencing, he "reasonably demonstrated to counsel that he was interested in appealing." *See Flores-Ortega*, 528 U.S. at 480. While Dodson apparently became dissatisfied with his sentence at some point, he provides no indication that he expressed his purported dissatisfaction with his sentence to counsel or otherwise expressed his desire to appeal. Under these circumstances, Dodson fails to demonstrate that counsel had a duty to consult with him about an appeal. Thus, counsel was not deficient.

Moreover, even if Dodson had wanted to appeal, counsel would have reasonably discerned that, if she had filed an appeal, an appeal of his sentence would have been a breach of Dodson's Plea Agreement. If the Government had moved to rescind the Plea Agreement based on Dodson's breach, Dodson would have lost the benefit of the plea to Count Two only and the Government could have also prosecuted Dodson on Count One. Dodson would then be facing a minimum sentence of fifteen years up to life in prison.

> In determining whether a rational defendant would have wanted to appeal, [the Court] consider[s] important the facts concerning whether the defendant's conviction followed a trial or guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights.

*Id.* (citing *Flores-Ortega*, 528 U.S. at 480)).   A defendant's expression of an interest in appealing, without more, does not establish that he would have appealed but for counsel's deficient performance.  *Flores-Ortega*, 528 U.S. at 486.  As explained below, Dodson fails to demonstrate that the circumstances would have reasonably led counsel to conclude that a rational defendant would want to appeal.  Dodson also fails to demonstrate any resulting prejudice.

Without the benefit of the Plea Agreement, Dodson faced a sentence of fifteen years to life in prison as an armed career criminal if he had been convicted of Count One.  *See* 18 U.S.C. §§ 924(e)(1) and 922(g).  Counsel successfully negotiated with the Government for a Plea Agreement to Count Two only, and the Government agreed that it would dismiss Count One, and, thus, counsel significantly decreased Dodson's sentencing exposure.  In his Plea Agreement, Dodson agreed that he could receive up to ten years of incarceration for Count Two.  Moreover, the Plea Agreement contained a stipulation to which both Dodson and the Government had agreed that, in exchange for his plea of guilty, Dodson would receive a 120-month sentence. Dodson received the exact sentence that he had bargained for.  *See Flores-Ortega*, 528 U.S. at 480 (explaining that the Court must consider the sentence bargained for as part of the plea). Dodson also entered a knowing and voluntary guilty plea wherein he waived his right to appeal *any* sentence that the Court imposed.

The Court notes that the Presentence Report found that, based on an offense level of 17 and a criminal history category of V, Dodson's sentencing guideline range would be 46 to 57 months.  (Presentence Report ¶ 104.)  The Court assumes that Dodson's discontent with his

bargained-for 120-month sentence arose when he saw this recommendation.  However, despite this recommended range and his arguments on collateral review that he thought he would receive a five or eight year sentence, Dodson could not have reasonably expected to receive a sentence of anything less than 120 months.  Dodson fails to identify, and the Court fails to discern, any nonfrivolous grounds upon which he could have appealed his sentence.  Thus, having entered into a knowing and voluntary plea agreement, having the benefit of a plea that significantly decreased Dodson's sentencing exposure, having received the exact sentence he bargained for, and because no nonfrivolous grounds for appeal remained, counsel would be justified in thinking that no reasonable defendant in Dodson's position would want to appeal his sentence.  *See Flores-Ortega*, 528 U.S. at 479–80.

Even if the Court found that counsel acted deficiently because she failed to consult with Dodson about an appeal, Dodson fails to demonstrate any resulting prejudice.  Dodson has not demonstrated that "but for counsel's deficient failure to consult with him about an appeal, he would have *timely* appealed." *Flores-Ortega*, 528 U.S. at 480 (emphasis added).  Dodson wholly fails to advance any argument that he was prejudiced by counsel's actions.  Dodson received the exact sentence he agreed to in the Plea Agreement and he could not reasonably expect to receive anything less than that sentence.  Moreover, Dodson has not identified, and the Court fails to discern, any nonfrivolous grounds for appeal.  To the contrary, Dodson has advanced only frivolous and inapplicable challenges to his sentence on his mistaken belief that he was sentenced as a career offender.  Thus, Dodson fails to demonstrate any prejudice from counsel's failure to file an appeal of his sentence.

In sum, Dodson demonstrates no deficiency of counsel for failing to consult with him about an appeal, and no prejudice from counsel's actions.  Accordingly, Dodson's claim that

counsel rendered ineffective assistance for failing to file an appeal lacks merit. Claim One will be DISMISSED. Moreover, because the Court finds that counsel rendered no ineffective assistance, counsel's failure to file an appeal fails to serve as cause for Dodson's default of Claim Two. Accordingly, Claim Two will also be DISMISSED.

## IV.   CONCLUSION

For the foregoing reasons, Dodson's claims will be DISMISSED. The § 2255 Motion (ECF Nos. 31, 34) will be DENIED and the action will be DISMISSED. The Government's Motion for Leave to File Out of Time (ECF No. 47) will be GRANTED. A certificate of appealability will be DENIED.[9]

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Order to Dodson and counsel of record.

It is so ORDERED.

Date:   11/30/5
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[9] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Dodson fails to satisfy this requirement.