IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.

Criminal No. **3:11CR242**
Civil Action No._____

**JEROME DODSON, III,**

Petitioner.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on November 30, 2015, the Court denied a 28 U.S.C. § 2255 Motion filed by Jerome Dodson (ECF Nos. 50, 51). On August 29, 2016, the Court received from Dodson a "MOTION FOR REDUCTION OF SENTENCE." (ECF No. 52.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Petitioner absent authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner cannot avoid that result by styling his present motion as a "MOTION FOR REDUCTION OF SENTENCE." *See*

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *Winestock*, 340 F.3d at 207. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)). In other words, a "motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *United States v. McCalister*, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Petitioner's current motion challenges his sentence and falls squarely within the ambit of 28 U.S.C. § 2255(a). Thus, the "MOTION FOR REDUCTION OF SENTENCE" is a successive, unauthorized § 2255 motion. The Clerk will be DIRECTED to assign a civil action number to the successive, unauthorized § 2255 Motion (ECF No. 52). The § 2255 Motion will be DISMISSED for want of jurisdiction. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

3/24/17   /s/
John A. Gibney, Jr.
United States District Judge